# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANGELA NAILS,

          Plaintiff,

v.

WATER STONE APARTMENT,

          Defendant.

Case No. 15-cv-2675-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Angela Nails filed this diversity action pro se against defendant Water Stone Apartment, alleging breach of contract.  Doc. 1.  Plaintiff moved to proceed in forma pauperis (Doc. 3), and Magistrate Judge Teresa J. James granted that motion (Doc. 6).  Judge James also ordered plaintiff to show good cause why the Court should not dismiss this action for failing to state a claim upon which relief can be granted.  *See* Doc. 6 at 2-3.  Plaintiff has filed a Response (Doc. 8) to Judge James's Order, which the Court considers along with her original Complaint (Doc. 1).

Because plaintiff proceeds pro se, the Court construes her pleadings liberally.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  But this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a legal claim could be based."  *Id*.  To that end, a federal court complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

1

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although Rule 8 "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Plaintiff's Complaint alleges that plaintiff entered into a rental contract with defendant. *See* Doc. 1 at 9. Plaintiff claims that defendant breached this contract by not allowing her to move into an apartment before the government issued her a Section 8 housing voucher. *See id.* Plaintiff has not provided the Court with a copy of the signed rental contract. Nor has she described the contract's terms that, she contends, defendant breached. Instead, in response to Judge James's Order, plaintiff contradicted her Complaint, stating that no written contract exists. *See* Doc. 8 at 1. Although her Response is somewhat unclear, plaintiff seems to allege that defendant's representative told her that she could sign a rental contract, in person, when she arrived at the property. *See id.* (alleging that "plaintiff was given by The defendant a statement verbal that The Plaintiff Contract to move into the apartments when The Plaintiff arrive[d]" at Water Stone and that "both Parties would sign agreeing to The terms of The contract" at that time). According to plaintiff's Response, defendant breached the rental contract because plaintiff "was not ever given the contract to sign[.]" *Id.* at 2.

Plaintiff has shown no good cause why the Court should not dismiss her case for failing to state a claim. Plaintiff has failed to explain why defendant's refusal to allow her to move into an apartment without a Section 8 voucher amounts to a breach of contract. Indeed, plaintiff has disclaimed the existence of a written rental contract. In addition, plaintiff has failed to assert facts from which the Court could infer that defendant made an enforceable, verbal agreement to

2

execute a rental contract.  "Generally, an agreement to make a contract in the future is not

binding unless all the [contract's] essential terms and conditions are agreed upon and nothing

essential to complete is left to future negotiations." *Phillips & Easton Supply Co., v. Eleanor

Int'l, Inc.*, 512 P.2d 379, 383 (Kan. 1973) (citations omitted).  Here, plaintiff's Response

describes some contract terms generally.  But the Response also states that defendant told

plaintiff that the parties would agree to the terms of a rental contract when she arrived at the

property.  *See* Doc. 8 at 1.  Plaintiff has failed to plead sufficient facts supporting a breach of

contract claim.  She thus fails to state a claim upon which the Court can grant relief.

       **IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's claim for breach

of contract is dismissed for failure to state a claim upon which the Court can grant relief.

       **IT IS FURTHER ORDERED THAT** plaintiff's Motion for Hearing by Telephone

(Doc. 15) is denied as moot.

       **IT IS SO ORDERED.**

       **Dated this 7th day of April, 2016, at Topeka, Kansas.**

                                      **s/ Daniel D. Crabtree_____**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**